PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

IN THE UNITED STATES DISTRICT COURT

FOR THE *NORTHERN* DISTRICT OF TEXAS

*AMARILLO* Division

MAR 3 1 2003

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*JOSEPH HILL CARTIER*
PETITIONER
(Full name of Petitioner)

vs.

*JANIE COCKRELL*
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

*JAMES V. ALLRED UNIT*
CURRENT PLACE OF CONFINEMENT

*# 919319*
PRISONER ID NUMBER

**2-03CV-0088J**

CASE NUMBER
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.    Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.    When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.    Petitions that do not meet these instructions may be returned to you.

# PETITION

**What are you challenging?**  (Check only one)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation | (Answer Questions 1-4, 5-12 & 20-23) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14, & 20-23) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-23) |

**All petitioners must answer questions 1-4:**

1.    Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
       251st DISTRICT COURT OF POTTER COUNTY AMARILLO, TX.

2.    Date of judgment of conviction:    MARCH 9, 2000

3.    Length of sentence:    LIFE

4.    Nature of offense and docket number (if known):    1st DEGREE
       MURDER    39,817-C

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)

       ☑ Not Guilty        ☐ Guilty        ☐ Nolo contendere

6.    Kind of trial: (Check one)    ☑ Jury        ☐ Judge Only

- 2 -    **CONTINUED ON NEXT PAGE**

7.    Did you testify at the trial?    ☐    Yes    ☑    No

8.    Did you appeal the judgment of conviction?    ☑    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

SEVEN DISTRICT-AMARILLo, TX Cause Number (if known) 07-00-00284-CR

What was the result of your direct appeal (affirmed,) modified or reversed):

What was the date of that decision?    MAY 1, 2001

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result:    REFUSED

Date of result: OCT. 3, 2001    Cause Number (if known): 1451-01

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result:    NO

Date of result:

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☑    Yes    ☐    No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: 251ᵉʳ DISTRICT COURT AMARILL, TX.

Nature of proceeding: POST CONVICTION WRIT OF HABEAS CORPUS

Cause number (if known): 39817-02-C

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
JUNE 25, 2002

Grounds raised: PETITIONER WAS deNied DUE PROCESS (

SEE ATTACHED PAGE -3-A

-3-                    **CONTINUED ON NEXT PAGE**

3-A

## GROUNDS RAISED

GROUNDS ONE:

OF LAW UNDER THE FEDERAL CONSTITUTION, WHEN THE TRIAL COURT REFUSED TO INCLUDED his MITIGATION INSTRUCTION WITHIN THE PUNISHMENT CHARGE?

GROUNDS TWO:

IS A DEFENDANT DENIED DUE PROCESS OF LAW UNDER THE FEDERAL CONSTITUTION WHEN his REQUEST FOR A MITIGATION INSTRUCTION APPLICABLE TO A SPECIAL ISSUE, ON which he CARRIES A bURDEN OF PROOF, IS disALLOWED while CURRENT LAW PERMITS THE JURY TO CONSIDER OTHER EVIDENCE FOR PURPOSES OF AGGRAVATING PUNISHMENT?

GROUNDS RAISED

WAS PETITIONER CONVICTED AND SENTENCED UNDER A FUNDAMENTALLY DEFECTIVE PUNISHMENT CHARGE which ALLOWED THE JURY TO RETURN A NON-UNANIMOUS VERDICT?

GROUNDS RAISED

WAS THE STANDARD INSTRUCTION INCLUDED within PARAGRAPH 15,16 OF THE PUNISHMENT CHARGE SUFFICIENT TO disTINGUISH BETWEEN THE "SUddEN PASSION" SPECIAL ISSUE AND THE GENERAL VERdicT OF CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL division?

3-A

Date of final decision: *SEPT. 11, 2002*

Name of court that issued the final decision: *TEXAS COURT OF CRIMINAL APPEALS*

As to any *second* petition, application or motion, give the same information:

Name of court: *251ᵗ DISTRICT COURT AMARILLO, TX*

Nature of proceeding: *2ⁿᵈ POST CONVICTION WRIT OF HABEAS CORPUS*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

*JAN. 16, 2003*

Grounds raised: *INEFFECTIVE ASSISSTANCE OF COUNSEL*

<u>Date</u> of final decision:

Name of court that issued the final decision:

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

        ☐ Yes      ☑ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

(b) Give the date and length of the sentence to be served in the future:

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

    ☐   Yes       ☐   No

-4-

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.    Date and location of your parole revocation:

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐   Yes           ☐   No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No

16.    Are you eligible for mandatory supervised release?    ☐ Yes    ☐ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

Disciplinary case number:

18.    Date you were found guilty of the disciplinary violation:

Did you lose previously earned good-time credits?    ☐ Yes    ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost:

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☐   Yes           ☐   No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result:

Date of Result:

Step 2 Result:

          CONTINUED ON NEXT PAGE

Date of Result:

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

-6-                                    **CONTINUED ON NEXT PAGE**

A.    **GROUND ONE:**    INEFFECTIVE ASSISSTANCE OF COUNSEL:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

PETITIONER WAS denied The EFFECTIVE ASSISSTANCE OF COUNSEL IN VIOLATION OF his RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 10 OF THE TEXAS CONSTITUTION

B.    **GROUND TWO:** PETITIONER WAS DENIED DUE PROCESS OF LAW:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

PETITIONER WAS denied DUE PROCESS OF LAW UNDER THE FEDERAL CONSTITUTION WHEN THE TRIAL COURT REFUSED TO INCLUDE his MITIGATION INSTRUCTION WITHIN THE PUNISHMENT CHARGE

C.    **GROUND THREE:** PETITIONER WAS DENIED DUE PROCESS OF LAW:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

PETITIONER WAS denied DUE PROCESS OF LAW UNDER THE FEDERAL CONSTITUTION WHEN his REQUEST FOR A MITIGATION INSTRUCTION APPLICABLE TO A SPECIAL ISSUE, ON WHICH he CARRIES A burden OF PROOF, IS disALLOWED while CURRENT LAW PERMITS THE JURY TO CONSIDER OTHER EVIDENCE FOR AGGRAVATING PUNISHMENT.

-7-                                        **CONTINUED ON NEXT PAGE**

D.    GROUND FOUR: *PETITIONER WAS CONVICTED AND SENTENCED UNDER A FUNDAMENTALLY DEFECTIVE PUNISHMENT CHARGE.*

Supporting FACTS (tell your story briefly without citing cases or law):

*WAS PETITIONER CONVICTED AND SENTENCED UNDER A FUNDAMENTALLY DEFECTIVE PUNISHMENT CHARGE WHICH ALLOWED THE JURY TO RETURN A NON-UNAMINOUS VERDICT.*

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐    Yes                    ☐    No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐    Yes                    ☐    No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

-8-

CONTINUED ON NEXT PAGE

8-A

GROUNDS RAISED

GROUNDS FIVE:

WAS THE STANDARD INSTRUCTION INCLUDED WITHIN PARAGRAPH 15,16 OF THE JURY CHARGE SUFFICIANT;

WAS THE STANDARD INSTRUCTION INCLUDED WITHIN PARAGRAPH 15,16 OF THE PUNISHMENT CHARGE SUFFICIANT TO DISTINGISH BETWEEN THE "SUDDEN PASSION" SPECIAL ISSUE AND THE GENERAL VERDICT OF CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

8-A

23.    Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐    Yes                    ☐    No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *March 26, 2003* (month, date, year).


Executed on                                        (date).


*Joseph Hill Earl -#919319*
Signature of Petitioner (required)


Petitioner's current address: JAMES U. ALLRED UNIT 2101 F.M. 369 NORTH  IOWA PARK, TEXAS 76367-6568

-9-

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON

JOSEPH HILL CARTIER           §
                PETITIONER §
                              §
V.                            §
JANIE COCKRELL, DIRECTOR, TEXAS  §  CIVIL ACTION NUMBER:
DEPARTMENT OF CRIMINAL JUSTICE S  .                     —
INSTITIONAL DIVISION          §
                RESPONDENT §

MEMORANDUM WITH BRIEF IN SUPPORT

TO THE HONORABLE Judge OF SAID COURT,

NOW COMES JOSEPH HILL CARTIER
PETITIONER, And FILES THIS PETITION FOR WRIT OF HABEAS CORPUS, And
will show the following.

-I-
JURISDICTION
This honorable COURT HAS JURISDICTION OVER THE SUBJECT MATTER
And THE PARTIES PURSUANT To U.S.C.§ 2254.
~II~
PROCEDURAL HISTORY
PETITIONER WAS CHARGED by INDICTMENT WITH THE FELONY OFFENSE
OF MURDER COMMITTED ON OR ABOUT SEPTEMBER 19, 1998.
PETITIONER PLED NOT guilty AND TRIAL WAS held BEFORE A JURY.

I

THE JURY FOUND PETITIONER GUILTY AND THEREAFTER ASSESSED PUNISHMENT AT LIFE CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITIONAL DIVISION AND A FINE OF TEN (10) THOUSAND DOLLARS. SENTENCE WAS ENTERED ON MARCH 9, 2000. PETITIONER FILED A WRITTEN NOTICE OF APPEAL ON NOV. 30, 2000. APPEAL WAS PERFECTED AND FILED UNDER CAUSE NUMBER 07-00-00284-CR IN THE SEVENTH SUPREME DISTTRICT OF TEXAS, APPEAL WAS AFFIRMED ON MAY 1, 2001 PETITIONER FILED A PETITION FOR DISCRITIONARY REVIEW IN THE TEXAS COURT OF CRIMINAL APPEAL ON JULY 11, 2001 PETITION FOR DISCRITIONARY REVIEW WAS REFUSED ON OCT. 3, 2001 PETITIONER FILED A POST CONVICTION WRIT OF HABEAS CORPUS ON JUNE 25, 2002 THIS WRIT OF HABEAS CORPUS WAS DENIED ON SEPT. 11, 2002 PETITIONER FILED A SECOND POST CONVICTION WRIT OF HABEAS CORPUS ON JAN. 16, 2003. PETITION FOR WRIT OF HABEAS CORBUS WA DENIED ON.

REQUEST FOR AN EVIDENTIRY HEARING

PETITIONER ALLEGES FACTS ONCE PROVEN WARRANTS RELIEF THEREFORE PETITIONER MOVES THIS MATTER FOR AN EVIDENTIARY HEARING AT THE COURTS EARLIEST CONVIENCE, PETITIONER URGES THAT THE BURDEN OF PROOF IN THIS HABEAS CORPUS PROCEDING IS ON THE PETITIONER TO SUSTAIN HIS ALLEGATIONS BY A PREPONDERANCE OF THE EVIDENCE. PETITIONER AVERS HE CAN SUSTAIN

II

his burden of proof where an evidentary hearing is held.

PRO SE ISSUE

Petitioner is neither a lawyer nor a para-legal, therefore petitioner relies upon HAINES V. KERNER, 92 S. CT. 594 (1922), and HUGES V. ROWE, 101 S. CT. 173 (1980), which dictate that pro se litigation must not be held to the strict standards of a lawyer in drafting there pleadings.

III

# LIST OF AUTHORITIES

## CASES

APODACA V. OREGAN, 406 U.S. 404, 92 S. CT. 1628, 1635, 1637, 32 L. Ed. 2d 184 (1972) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 44

BARNES V. STATE, 876 S. W. 2d 316 (TEX. CRIM. APP. 1994) CERT. DENIED 115 S. CT. 174, 130 L. Ed. 2d 110 (1994) _ _ _ _ _ _ 36, 42

BOYDE V. CALIFORNIA, 494 U.S. 370, 110 S. CT. 1190, 108 L. Ed. 2d 316 (1990) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 27

BUCHANAN V. ANGELONE, 522 U.S. 269, 118 S. CT. 757, 139 L. Ed 2d 702 (1998) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 25, 28, 32

CALIFORNIA V. BROWN, 479 U.S. 538, 542 (1987) _ _ _ _ _ 28

CARTER V. KENTUCKY, 450 U.S. 288, 302, N.20 (1981) _ _ _ 33

CLARK V. BLACKBURN, 619 F.2d 436 (5TH CIR. 1980) _ _ _ _ 20

CHAVEZ V. STATE, 6 S. W. 3d 56 _ _ _ _ _ _ _ _ _ _ _ _ _ 11

CUYLER V. SULLIVAN, 100 S. CT. 1708, 1715 _ _ _ _ _ _ _ 3

DAVIDSON V. U.S. 951 F. SUPP. 555 (W.D. PA. 1996) _ _ _ _ 14

DAVIS V. ALASKA, 415 U.S. 308, 316, 94 S. CT. 1105, 1110 (1974) _ _ _ 7

IV

EX PARTE WALKER, 777 S.W. 2d 427 _ _ _ _ _ _ _ _ _ _ _ _ 4

EX PARTE WELLBERN, 785 S.W. 2d 391,393 (TEX. CRIM. APP 1990) _ _ 2

FLEMING V. STATE, 956 S.W. 2d 620 (TEX. CT. APP. EASTLAND 1997, PET. REF'd) _ 40

GARRETT V. STATE, 632 S.W. 2d 350 (TEX. CR. APP. 1982) _ _ _ _ 11

GIDEON V. WAINWRIGHT, 372 U.S. 335, 372 _ _ _ _ _ _ _ 2

GOODWIN V. BALKCOM, 684 F.2d 794 (11TH CIR. 1982) _ _ _ _ _ 9, 10

GRAHAM V. COLLINS, 506 U.S. 461, 113 S.CT 892, 122 L.Ed 2d 260 (1993) _ 24

GREEN V. STATE, 971 S.W. 2d 639 (TEX. CT. APP. - HOUSTON [14TH DIST] 1998, PET. REF'd.) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 40

HARRIS V. HOUSEWRIGHT, 697 F.2d 202 (8TH CIR. 1982) _ _ _ 13, 14

HERNANDEZ V. STATE, 726 S.W. 2d 53 (TEX. CRIM. APP. 1986) _ _ _ _ 4

HERNANDEZ V. STATE, 988 S.W. 2d 770 (TEX. CRIM. APP. 1999) _ _ _ 4

HERRING V. ESTELLE, 491 F.2d 125 (5TH CIR. 1974) _ _ _ _ 5

HERRING V. ESTELLE, SUPRA. _ _ _ _ _ _ _ _ _ _ _ _ 5

V

HOLLINES V. ESTELLE, 569 F. Supp. 146 (W.D. Tex. 1983) _ _ _ _ 5

HYMAN V. AIKEN, 824 F. 2d 1405 (4th Cir. 1987) _ _ _ _ _ 5

JACKSON V. STATE, 822 S.W. 2d 18 (Tex. Crim. App. 1991) _ _ _ _ 33

JAZZABI V. ALLSTATE INS CO., 278 F. 3d 979 (9th Cir. 2002) _ _ 44

JOHNSON V. DUGGER, 911 F. 2d 440 (11th Cir. 1990) _ _ _ _ _ 9

KEMP U. LEGGETT, 635 F. 2d 453 (5th Cir. 1981) _ _ _ _ _ 8

KREYSSIG U. STATE, 935 S.W. 2d 886, 891 (Tex. App. Texarkana 1996, Pet Ref'd) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 36

LADD U. STATE, 3 S.W. 3d 547, 574 (Tex. Crim. App. 1999) _ _ _ _ 32

LOMBARD U. LYNAUGH, 868 F. 2d 1475 (5th Cir 1989) _ _ _ _ 12

LOYD U. WHITLEY, 977 F. 2d 149 (5th Cir. 1992) _ _ _ _ _ 10

LUNA U. STATE, 70 S.W. 3d 354 (Tex. Ct. App. Corpus Christi 2002) _ _ 44

LYONS U. McCOTTER, 720 F. 2d 529 (5th Cir 1985) _ _ _ _ 12

MILLER U. WAINWRIGHT, 798 F. 2d 426 (11th Cir. 1986) _ _ _ _ _ 7

VI

MILLS V. SCULLY, 653 F. SUPP. 885 (S.D.N.Y. 1987) ---- 8

MOLANDES V. STATE, 571 S.W. 2d 3, 4 (TEX. CRIM. APP. 1978) ----- 44

NEALY V. CABANA, 764 F. 2d 1173 (5th CIR. 1985) ----- 20

NERO V. BLACKBURN, 597 F. 2d 991 (5th CIR. 1979) ---- 13, 14

PENRY V. LYNAUGH, 492 U.S. 302, 109 S. CT. 2934, 106 L. Ed 2d 256 (1989) ----------------------------- 23

PETTY V. COTTER, 779 F. 2d (5th CIR. 1986) ------- 10

PILCHAK V. CAMPER, 741 F. SUPP. 782 (W.D. MO. 1990) ----- 6

RAINEY V. STATE, 949 S.W. 2d 537, 541 (TEX. CT. APP.–AUSTIN 1992, PET REF'd) 40

RHODES V. STATE, 934 S.W. 2d 113 (TEX. CRIM. APP. 1996) --- 33

SANCHEZ V. STATE, 23 S.W. 3d 30 (TEX. CRIM. APP. 2000) ----- 44

SAN MIGUEL V. STATE, 864 S.W. 2d 493 (TEX. CRIM. APP. 1993) ---33

SMITH V. WAINWRIGHT, 741 F. 2d 1248 (11th CIR 1984) ---- 7

STATE V. MC PHERSON, 851 S.W. 2d 846, 850 (TEX. CRIM. APP. 1992) --- 23, 36, 42

VII

STRICKLAND V. WASHINGTON, 104 S. CT. 2052, 466 U.S. 684, 685, 688, 8 L. Ed. 2d 692 (1984) - - - - - - - - - - - - - - - - - - - - 2, 3, 15, 18

TAYLOR V. KENTUCKY, 436 U.S. 478, 488-89 (1978) - - - - - 33

TUCKER V. DAY, 969 F.2d 155 (5th Cir. 1992) - - - - - - - 2

U.S. V. ACKLEN, 47 F.3d 739 (5th Cir 1995) - - - - - - - - 5

U.S. V. BURROWS, 872 F.2d 915 (9th Cir 1989) - - - - - 10

VASQUEZ V. STATE, 2 S.W. 3d 355 (Tex. Ct. App. - San Antonio [14th Dist.] 1998 Pet. Ref'd.) - - - - - - - - - - - - - - - - - - - - - - - - - - - 40

VELA V. ESTELLE, 708 F.2d 954 (5th Cir. 1983) - - - - - 11, 19

VONMOTKE V. GILLIES, 68 S. CT. 316, 322 - - - - - - - - - - 6

WALKER V. CALDWELL, 476 F.2d 213, 224, (5th Cirt. 1973) - 6

WATERS V. ZANT, 929 F.2d 1473 (11th Cir 1992) - - - - - 8

WEYGANDT V. DUCHARME, 774 F.2d 1941 (9th Cir. 1985) - - 12

WIX V. WHITESIDE, 106 S. CT. 988, 994 (1986) - - - - - - - 2

WOODARD V. COLLINS, 892 F.2d 1027 (5th Cir. 1990) - - - - 5

VIII

YOUNG V. ZANT, 672 F. 2d 792 (11th Cir. 1982)____ 8

CODES AND STATUTES

SECTION 19.02 (b)   PENAL CODE _ _ _ _ _ _ _ _ _ _ 40

SECTION 19.02 (c)   PENAL CODE _ _ _ _ _ _ _ _ _ _ 45

SECTION 19.02 (d)   PENAL CODE_ _ _ _ _ _ _ _ _ _ _ 40

ART. 36.29 (A)    CODE OF CRIMINAL PROCEDURE _ _ _ 45

ART. 37.07 SEC.(A) CODE OF CRIMINAL PROCEDURE_ _ _ _ 39

ART. 37.07 SEC.(B) CODE OF CRIMINAL PROCEDURE_ _ _ _ 36, 40

ART. 37.07 SEC.(C)  CODE OF CRIMINAL PROCEDURE_ _ _ XIII

ART. 37.071 SEC. 2(F) CODE OF CRIMINAL PROCEDURE _ _ _ _ 32, 39

ART. 37.071 SEC. 2(4) CODE OF CRIMINAL PROCEDURE_ _ _ 32

ART. 1.04 CODE OF CRIMINAL PROCEDURE_ _ _ _ _ 1

IX

ART. 1.05  CODE OF CRIMINAL PROCEDURE - - - - 1

ART. 1.051  CODE OF CRIMINAL PROCEDURE - - - - 1

TEXAS CONSTITUTION, ART. 1, §10 - - - - - - - - - - - 1, 14

TEXAS CONSTITUTION ART. V, §13 - - - - - - - - - - - 44

UNITED STATES CONSTITUTION AMENDMENT SIXTH - - - - - 1, 2, 4, 21

UNITED STATES CONSTITUTION AMENDMENT FOURTEENTH - - - - 1, 2, 21

X

## STATEMENT OF FACTS

The APPOINTED COUNSLER WARREN L. CLARK during the 2 years period that JOSEPH HILL CARTIER was in the County jail he only came two times to see the applicant. The first time was to take the applicants statement, and the second time was for a plea bargain of 60 years, which is the same as life or 99 years. MR. CLARK did not even attempt to get a Plysiological evaluation of the applicant to show that he was very disturbed, and very much in love with his wife at the time of the offense, to the point of temporary insanity.

He did not even try or attempt to find or talk to character witness for the applicant, or even call the ones that were in the courtroom at the trial. During the trial he let erroneous errors go by without objecting or asking for a mistrial, knowing that the witness for the stat were coax to give a more harmful testimony to inflame the jury. Then at the closing arguments he did not object or ask for a mistrial, when the prosecutor made his own statement to the jury which was harmful to the applicant. By not preforming his duty to the applicant, he let his standards to fall below that of a professional counsler by

XI

Rules of Law, The Thrust of Applicants Argument is that given the unique set of facts underlying Applicants "Sudden Passion" defense at the punishment phase of the trial and, in light of the total absence of guidance afforded the jury within the punishment charge, The jury was unable to give any effect to this evidence apart from its tendency to aggravate punishment. Thus, the jury charge, as constructed, precluded the jury from any consideration at all of constitutionally (as well as statutory) relevant punishment evidence. Therein lies the denial of due process complained of in Applicant's brief filed earlier. Applicant urged the trial court to include an instruction, tendered to the court, which would essentially inform the jury that it was entitled to consider and apply any evidence which it deemed to be mitigating in its eventual assessment of punishment, regardless of the weight, if any, that evidence may have carried in relation to Applicant's burden to establish "Sudden Passion." Moreover, Applicant urged the trial court instruct the jury that the mitigating nature if any, of the evidence

XII

WAS NOT diminished NOR iTS use PROhibiTed by The FACT ThaT The JuRy MAY Find AGAINST APPLicANT oN The issue of "Sudden PASsion". The TRiAL couRT denied APPLicANTS wRiTTEN REQuesT FoR iNCLusioN oFThe iNsTRucTioN. By iTS FAiLuRE To PRovide FoR A SEPARATE iNsTRucTioN, AKiN To ThaT TENdeRed by APPLicANT To The TRiAL CouRT, does SEC. 19.02 PENAL Code deNy APPLicANT due PRoCESS?

ARTicLE 37.07 Sec. 3(c) REQuiRES uNANimiTy wiTh RESPECT To The JuRy's PRELiminARy VoTE oN The issue of "SuddEN PAssion" AS weLL AS ASSESSmENT oF A TERm oF PuNishmENT. The ChARGE iN The subJECT APPEAL did NoT CoNTAiN A SEPARATE iNSTRucTioN which REQuiRed This uNANimiTy. The TRiAL couRT commiTEd FuNdAmENTAL ERRoR iN FAiLiNg To iNcLude This uNANimiTy iNSTRucTioN wiThiN The PuNishmENT ChARGE PRovided To The JuRy.

XIII

# ARGUMENT AND AUTHORITIES
## OF THE HEABAES CORPUS

INEFFECTIVE ASSISTANCE OF COUNSEL:  JAN. 31, 2003

THE APPLICANT HEREIN WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL AT ANY STAGE OF THE PROSECUTION OF THIS CAUSE. APPLICANT WILL SHOW THAT COUNSEL WAS IN NO POSITION TO EFFECTIVELY REPRESENT THE APPLICANT BECAUSE HE DID NOT PREPARE ADEQUATELY FOR TRIAL, OR INVESTIGATE THE LAW ENCOMPASSING THE FACTS AND CIRCUMSTANCES OF THIS CASE, MAKING COUNSEL'S REPRESENTION INEFFECTIVE THROUGHOUT THE ENTIRE PROSECUTION. THEREFORE, APPLICANT MAKES THE CLAIM THAT HE HAS BEEN DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE TEXAS CONSTITUTION, ARTICLE 1, §10, AND DENIED THE GUARANTEES OF THE TEXAS CODE OF CRIMINAL PROCEEDURE, ARTICLE 1.04 DUE COURSE OF LAW, ARTICLE 1.05, RIGHT OF ACCUSED, AND ARTICLE 1.051, RIGHT TO REPRESENTATION BY COUNSEL, AS WELL AS THE EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE SIXTH AMENDMENT, MADE AVAILABLE TO THE STATES THROUGH THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

THE TEST UNDER BOTH TEXAS AND FEDERAL LAW FOR SHOWING INEFFECTIVE ASSISTANCE OF COUNSEL, IS THAT COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THERE IS A REASONABLE PROBABILITY

Case 2:03-cv-00088-J   Document 1   Filed 03/31/03   Page 25 of 76   PageID 25

THAT THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFF-ERENT, AND PREJUDICE WAS IMBEDDED UPON APPLICANT'S DUE PROCESS RIGHTS. STRICKLAND V. WASHINGTON! 104 S.CT. 2052 / EX PARTE WELLBERN! 785 S.W. 2d 391, 393 (TEX. CRIM. APP. 1990). UNDER THESE STANDARDS, AND BY REVIEWING THE FACTS, AS PRESENTED BY APPLICANT HEREIN, A REASONABLE PROBABILITY MEANS THAT THE RESULTS OF THE GUILTY VERDICT AND THE PUNISHMENT ASSESSED, WERE MADE PURSUANT TO COUNSEL'S DEFENSE OF THE APPLICANT'S CAUSE FELL BELOW PREVAILING NORMS.

HEREIN, THE APPLICANT HAS BEEN DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL. AN ACCUSED HAS A SIXTH AMENDMENT RIGHT TO COUNSEL ON CRIMINAL PROCEEDINGS HAVE BEEN INITIATED. GIDEON V. WAINWRIGHT, 372 U.S. 335, 372. THIS RIGHT EXTENDS TO ALL CRITICAL STAGES OF THE PROCEEDING. TUCKER V. DAY, 969 F. 2d 155 (5th CIR. 1992). THE RIGHT TO COUNSEL MEANS TO PROVIDE "REASONABLE EFFECTIVE ASSISTANCE" AS MEASURED BY PREVAILING NORMS. SEE WIK V. WHITESIDE, 106 S.CT. 988, 994 (1986).

THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION GUARANTEES EACH OF US THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. THE RIGHT OF REPRESENTATION IS APPLICABLE TO THE STATES THROUGH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT,

2

Cuyler v. Sullivan, 100 S. CT. 1708, 1715 Applicants rights were violated by a series of events of acts and/or omissions by Trial Counsel, which led up to his conviction.

In determining the effectiveness of counsel, our courts must utilize the two-prong test enunciated in Strickland v. Washington, 104 S. CT. 2052 (1984). The First prong of the Strickland 466 U.S. at 685 if the first prong is established, the court ordinarily must determine whether there is reasonable probability that the results would have been different but for counsel's deficient performance.

First, to show Strickland ineffectiveness it must appeal that, under the Totality of circumstances, counsel failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances. Strickland, 466 at 688.

"...[T]he Strickland. Court has indicated how the question should be resolved, Just before starting it's discussion of the merits, it observed that it had granted certiorari to consider the standards by which to judge a contention that the constitution requires that a criminal judgment be overturned because of the actual ineffectiveness of assistance

3

OF COUNSEL."

STRICKLAND: 466 U.S, AT 684. LATER IT POINTED '[P] REVALING NORMS OF PRACTICE AS REFLECTED IN AMERICAN BAR ASSOCIATION STANDARDS' AS GUIDES 'TO DETERMINING WHAT IS REASONABLE." Id, STRICKLAND, 466 U.S, AT 688.

APPLICANT HERE IN WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE COURSE OF PRO-SECUTION THROUGH THE ACTS AND OMISSIONS LISTED BELOW, AND APPLICANT IS ENTITLED TO THE GUARANTEES OF THE SIXTH AMENDMENT WHICH SECURED EFFECTIVE ASSISTANCE OF COUNSEL IN CRIMINAL PROSECUTIONS, SEE EX PARTE WALKER, 777 S.W. 2d 427, WHICH ALSO GUARANTEES THAT INEFFECTIVE ASSISTANCE OF COUNSEL MAY BE BROUGHT UP IN HABEAS CORPUS PROCEEDINGS.

THE RIGHT TO THE ASSISTANCE OF COUNSEL FLOWS FROM TWO SEPARATE SOURCES, ARTICLE I, SECTION 10 OF THE TEXAS CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. HERNANDEZ V. STATE, 726 S.W 2d 53 (TEX. CRIM. APP. 1986). SEE ALSO HERNANDEZ V. STATE, 988 S.W. 2d. 770 (TEX. CRIM. APP. 1999).

USING THE ABOVE AS A GUIDE APPLICANT PRESENTS THE FOLLOWING ALLEGATIONS FOR THE COURT TO CONSIDERATION OF THE MERITS OF THE CASE AT BAR.
1.) COUNSEL DID NOT ADEQUATELY CONFER WITH

4

APPLICANT TO PREPARE FOR TRIAL. COUNSEL CAME TWICE TO SEE APPLICANT during A TWO YEAR PERIOD APPLICANT WAS IN JAIL ON MURDER CHARGES - ONCE TO TAKE his STATMENT AND ONCE TO OFFER A 60 YEAR PLEA BARGAIN FROM THE STATE, which is NOT A BARGAIN AT ALL, BECAUSE IN TEXAS A 60 YEAR SENTENCE is THE SAME AS A LIFE OR 99 YEAR SENTENCE. By COUNSEL FAILING TO PROPERLY INVESTIGATE AND CONFER with APPLICANT TO ADEQUATELY PERPARE ANY KIND OF A dEFENSE, AND THEREFORE WA INEFFECTIVE AS TRIAL COUNSEL. SEE: WOODARD U. COLLINS, 892 F. 2d 1027 (5ᵀᴴ CIR. 1990); HERRING U. ESTELLE, 491 F. 2d 125 (5ᵀᴴ CIR. 1974); HOLLINES U. ESTELLE, 569 F. SUPP, 146 (W.D. TEX. 1983); HYMAN U. AIKEN, 824 F. 2d 1405 (4ᵀᴴ CIR. 1987); HERRING U. ESTELLE, SUPRA.

COUNSEL ONLY CALLED ONE WITNESS FOR THE dEFENSE IN A MURDER TRIAL, THE OWNER OF THE BAR. A CRIMINAL dEFENDANT CAN MEET THE PREJUDICIAL PRONG OF STRICKLAND IN NON-CAPITOL SENTENCING CASES by Showing HE would HAVE RECEIVED A LESS HARSH SENTENCE ABSENT COUNSEL'S UNPROFESSIONAL ERRORS AND OMISSION, ESPECIALLY NOT PROPEALY AND REPEATEDLY MOVING FOR MISTRIAL, AS HEREIN U.S. U. ACKLEN, 47 F. 3d 739 (5ᵀᴴ CIR. 1995).

COUNSEL'S FAILURE TO GIVE dEFENDANT PRE TRIAL ADVICE OR TO ENTER INTO REASONABLE PLEA NEGOTIATIONS

CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL. PILCHAK V. CAMPER, 741 F. SUPP, 782 (W.D. MO. 1990).

"EFFECTIVE ASSISTANCE OF COUNSEL INCLUDES COUNSEL'S INFORMED OPINION AS TO WHAT PLEAS SHOULD BE ENTERED." WALKER V. CALDWELL, 2 476 F. 2d 213, 224 (5th CIR. 1973).

"PRIOR TO TRIAL AN ACCUSED IS ENTITLED TO RELY UPON HIS COUNSEL TO MAKE AN INDEPENDENT EXAMINATION OF THE FACTS, CIRCUMSTANCES, PLEADINGS AND LAWS INVOLVED AND THEN TO OFFER HIS INFORMED OPINION AS TO WHAT PLEA SHOULD BE ENTERED." VON MOTKE V. GILLIES, 68 S. CT. 316, 322.

COUNSEL HEREIN DID NOT PURSUE REASONABLE PLEA NEGOTIATIONS, BUT ONE TIME ONLY OFFERED THE MAXIMUM THE OFFENSE CARRIED, WHICH WAS NO BARGAIN AT ALL. COUNSEL NEVER ONCE PORTRAYED THE LOYAL DUTY OF A PROFESSIONAL ATTORNEY HEREIN.

2.) WHEN MR CLARK QUESTIONED ROXANNE STAR, SHE TESTIFIED ON THE WITNESS STAND THAT THE APPLICANT TURNED TO HER AND SAID: I TOLD YOU THAT I WAS GOING TO KILL HIM, "WHICH IS INCONSISTENT WITH HER POLICE STATEMENT," SHE ONLY STATED THAT THE APPLICANT KILLED HIM, INTENTIONALLY MAKING THE APPLICANT APPEAR IN AS BAD OF A LIGHT TO THE JURY, INFLAMING THEIR OPINIONS.

6

Then she said it meant the same thing, but it is elementary to see that the first statment to the police was far less damaging in court then her court testimony. Trial counsel closed and did not pursue that line of questioning, or impeach Ms. Stars testimony on the issue.

In Davis v. Alaska, 415 U.S. 308, 316, 94 S.CT. 1105 1110 (1974), the Davis court stated "Cross-examination is the principal means by which believeability of a witness and the truth of his or her testimony is tested." Additionally, "exposure of a witness motivation is testifying is a proper and important function of the constitution."

In Miller v. Wainwright, 798 F.2d 426 (11th Cir 1986) it is held that the trial counsel's failure to investigate impeachment evidence for attacking the credibility of a state's witness, constitutes ineffective assistance of counsel.

Trial counsel's failure to impeach prosecution witnesses with conflecting statements constituted ineffective assistance of counsel and requires an evedentiary hearing to resolve the claim. See! Smith v. Wainwright, 741 F2d 1248 (11th Cir. 1984).

In the case herein, trial counsel's failure

7

TO PREPARE FOR TRIAL, TO INTERVIEW A SINGLE WITNESS, did NOT CALL CHARACTER WITNESS who WERE PRESENT IN THE COURTROOM, FAILED TO PREPARE A DEFENSE IN A MURDER TRIAL, AND FAILED TO PROFFER A WRITTEN CHARGE OF A LESSER INCLUDED OFFENSE OF VOLUNTARY MANSLAUGHTER CHARGE, based UPON A WELL PRESENTED "SUDDEN PASSION" DEFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND HARMED APPLICANT, AS THE OUTCOME WOULD HAVE BEEN DIFFERENT, IF EVEN, COUNSEL HAD RAISED OBJECTIONS THROUGHOUT THE TRIAL TO PRESERVE ERRORS.

FOR CASE LAW ON POINT, SEE: KEMP V, LEGGETT, 635 F, 2d 453 (5TH CIR. 1981). AND TRIAL COUNSEL'S FAILURE TO MOVE TO CORRECT TESTIMONY, which he KNOW, OR should KNOW WAS FALSE AND MISLEADING ALONE CAN CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL. SEE: MILLS V, SCULLY, 653 F, SUPP. 885 (S, D, N, Y, 1987).

BECAUSE COUNSEL did NOT ADEQUATELY PREPARE A LESSER INCLUDED OFFENSE OF MANSLAUGHTER, due TO "SUDDEN PASSION" EVIDENCE AND EFFECTIVELY ARGUE THAT LESSER INCLUDED OFFENSE, JURY CHARGE OF "SUDDEN PASSION" WAS INEFFECTIVE ASSISTANCE OF COUNSEL. SEE: WATERS V. ZANT, 979 F, 2d 1473 (11TH CIR. 1992); YOUNG V, ZANT, 677 F, 2d 792 (11TH CIR. 1982) (TRIAL COUNSEL'S FAILURE TO PRESENT DEFENSE OF LESSER INCLUDED

8

CHARGE OF VOLUNTARY MANSLAUGHTER BASED ON A VERY STRONG ARGUMENT THAT THE KILLING OCCURED DURING THE HEAT OF PASSION).

3) TRIAL COUNSEL'S FAILURE TO SECURE AN INDEPENDENT PSYCHOLOGICAL EVALUATION OF APPLICANT AND FAILURE TO PRESENT EXPERT TESTIMONY ON APPLICANT'S MENTAL CONDITION AT THE TIME OF THE MURDER EXPLAINING SUDDEN PASSION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

IN JOHNSON V. DUGGER, 911 F. 2d 440 (11ᵀᴴ CIR. 1990), DEFENSE COUNSEL'S FAILURE TO DEVELOP EVIDENCE RELEVANT TO DEFENDANT'S PSYCHOLOGICAL STATE OF MIND AT THE TIME OF THE OFFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL. ALTHOUGH THIS CASE LAW WAS DEVELOPED IN THE 11ᵀᴴ CIRCUIT, IT IS A CASE ON POINT. AS IS ALSO GOODWIN V. BALKCOM, 684 F. 2d 794 (11ᵀᴴ CIR. 1982) (TRIAL COUNSEL'S LACK OF PRETRIAL INVESTIGATION WHICH DEPRIVED APPLICANT OF A POTENTIAL DEFENSE, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.).

APPLICANT WAS SEPARATED FROM HIS SPOUSE, WHOM HE LOVED DEARLY. WHEN THE APPLICANT CAME TO THE HOUSE SHE WAS STAYING IN, AND FOUND HER IN BED WITH THE COMPLAINANT APPLICANT EXPERIENCE "SUDDEN PASSION". THE APPLICANT WAS SO ENRAGED THAT HE LOST CONTROL OF HIS BEHAVIOR, AND ONLY HAD ONE THOUGHT IN

9

MIND TO ATTACK THE MAN IN BED WITH THE WOMAN HE
LOVED MORE THAN ANYTHING.

IN U.S, V. BURROWS, 872 F.2d 915 (9th CIR. 1989), TRIAL
COUNSEL'S FAILURE TO INVESTIGATE THE DEFENDANT'S MENTAL
STATE AND PRESENT EVIDENCE, AT TRIAL BASED ON DEFENDANT'S
MENTAL STATE OF MIND CONTITUTED A SIGNIFICANT CLAIM OF
INEFFECTIVE ASSISTANCE OF COUNSEL AND REQUIRED THE
DISTRICT COURT TO CONDUCT AN EVIDENTIARY HEARING.

AND IN LOYD V. WHITLEY, 977 F.2d 149 (5th CIR, 1992)
TRIAL COUNSEL'S FAILURE TO SECURE AN INDEPENDENT
PSYCOLOGICAL EVALUATION OF DEFENDANT AND FAILURE TO
PRESENT EXPERT TESTIMONY ON DEFENDANT'S MENTAL CONDITION
AT TIME OF MURDER, AMOUNTED TO INEFFECTIVE ASSISTANCE
OF COUNSEL.

FAILURE OF APPLICANT'S TRIAL COUNSEL TO ADEQUATELY
PREPARE A TEMPORARY INSANITY DEFENSE, AND INVESTIGATE
THE "SUDDEN PASSION" CLAIM AT ALL, SHOULD DEFINITILY
BE CONSIDERED INEFFECTIVE ASSISTANCE OF COUNSEL,
ESPECIALLY WHERE IT WAS THE ONLY POSSIBLE DEFENSE.

SEE PETTY V. MC COTTER, 779 F.2d (5th CIR. 1986).
AND COUNSEL'S LACK OF PRETRIAL INVESTIGATION WHICH
DEPRIVED DEFENDANT OF HIS ONLY POTENTIAL DEFENSE,
CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
GOODWIN V. BALKCOM, 684 F.2d 794 (11th CIR 1982).

10

4.) TRIAL COUNSEL'S FAILURE TO OBJECT TO PROSECUTOR TESTIFING TO JURY DURING CLOSING ARGUMENTS IN THE PUNISHMENT PHASE, STATING HIS OPINIONS INSTEAD OF ARGUING FACTS ALREADY IN EVIDENCE. THE PROSECUTOR STATED THAT "HE KNEW THAT THE DEFENDANT HAD THE KNIFE IN HIS HANDS WHILE HE WAS CHOKING THE VICTIM". THIS BASICALLY AN IMPOSSIBLE FEAT TO PREFORM, AND WAS STATED TO INFLAME THE EMOTIONS OF THE JURY TO GIVE A STIFFER SENTENCE, GARRETT V. STATE, 632 S.W.2d 350 (TEX. CR. APP. 1982). IN GARRETT, PROSECUTOR'S CLOSING ARGUMENT TO JURY WAS HARMFULL TO THE DEFENDANT WHEN PROSECUTING ATTORNEY MADE HIS OWN COMMENT TO THE JURY. ALSO, SEE: CHAVEZ V. STATE, 6 S.W.3d 56.

IN VELA V. ESTELLE, 708 F.2d 954 (5TH CIR. 1983) IT WAS HELD THAT WHERE DEFENSE COUNSEL'S FAILURE TO OBJECT TO PREJUDICIAL TESTIMONY, WHICH WAS USED TO INFLAME THE MINDS OF THE JURY, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

BY ALL KNOWN RULES FOR DEFENSE COUNSEL TO OBSERVE, COUNSEL SHOULD HAVE OBJECTED AND THEN SHOULD HAVE REQUESTED THE COURT TO ADD SPECIAL INSTRUCTION IN THE JURY CHARGE TO IGNORE PROSECUTOR'S PERSONAL TESTIMONY OF EVENTS, IN THE CLOSING ARGUMENTS, NOT BROUGHT IN TO EVIDENCE DURING TRIAL.

11

ALSO, COUNSEL'S FAILURE TO OBJECT TO DEFENDANT'S PAST CRIMINAL HISTORY, DURING THE PUNISHMENT PHASE OF THE TRIAL, WHERE APPLICANT DID NOT TAKE THE STAND, PLUS COUNSEL'S FAILURE TO OBJECT TO STATE'S WITNESS TESTIFING THAT APPLICANT SHOT INTO APPLICANT'S TRUCK, WHICH WAS BEING STOLEN, DRIVEN WITHOUT PERMISSION, AS AN EXTRANEOUS OFFENSE WHICH HELD NO BEARING ON THE CASE AT HAND.

IN LOMBARD V. LYNAUGH, 868 F. 2d 1475 (5ᵗʰ CPR 1989) IT WAS FOUND THAT TRIAL COUNSEL'S FAILURE TO OBJECT TO THE ADMISSION OF EXTRANEOUS ARMED ROBBERY OFFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

IN LYONS V. MCCOTTER, 770 F. 2d 529 (5ᵗʰ CIR. 1985) WHERE TRIAL COUNSEL'S FAILURE TO OBJECT TO HIGHLY INFLAMATORY INADMISSIBLE EVIDENCE HAD NO STATEGIC VALUE, AND FAILURE TO REQUEST A LIMITING INSTRUCTION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, AND APPLICANT'S PROSECUTOR INFLAMED THE JURY'S EMOTIONS WITH HIS OWN OPINIONS AND REMARKS, NOT BROUGHT INTO EVIDENCE, AND WHERE TRIAL COUNSEL FAILED TO OBJECT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL ON HIS PART.

IN WEYGANDT V. DUCHARME, 774 F. 2d 1141 (9ᵗʰ CIR. 1985) TRIAL COUNSEL'S FAILURE TO OBJECT TO IMPROPER

12

CLosing REMARKS AMOUNTED TO PERFORMANCE bELoW THE OBJECTIVE STANDARDS OF REASONABLENESS A PROFESSIONAL ATTORNEY, AND MAY IN ITSELF CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL.

5.) COUNSEL did NOT OBJECT TO PROSECUTOR'S INFLAMATORY REMARKS OR MOVE FOR A MISTRIAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL!

IN NERO V. BLACKBURN, 597 F2d 991 (5th CIR. 1979) TRIAL COUNSEL'S SINGLE ERROR, FAILURE TO MOVE FOR A MISTRIAL, CONSTITUTES INEFFECTIVE ASSISTANE OF COUNSEL, WHERE THAT ERROR ALLOWED PREJUDICIAL EVIDENCE IN THAT WOULD NOT HAVE bEEN Admissible.

ALSO IT WAS FOUND IN HARRIS V. HOUSEWRIGHT, THAT TRIAL COUNSEL'S FAILURE TO OBJECT TO HEARSAY EVIDENCE, MOVED FOR MISTRIAL AND FAILURE TO OBJECT TO IMPROPER PREJUDICIAL COMMENTS by THE PROSECUTOR, AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

COUNSEL did NOT OBJECT OR MOVE FOR MISTRIAL WHEN THE COURT ALLOWED THE TRIAL TO PROCEED withOUT POLLING THE JURY, AFTER THE JURORS WERE TALKING AT LENGTH WITH COURTROOM AUDIENCE during RECESS, ESPECIALLY WHERE THE JUDGE STATED THAT HE did NOT KNOW why TRIAL COUNSEL FAILED TO MOVE FOR A MISTRIAL, IN THE COURTROOM bEFORE THE JURY WAS brought BACK IN.

13

In DAVIDSON V. U.S., 951 F. Supp. 555 (W.D. PA. 1996) TRIAL COUNSEL, who WAS FULLY AWARE OF JURORS MIS-CONDUCT AND FAILED TO ADVISE TRIAL COURT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

COUNSEL'S FAILURE TO OBJECT AND MOVE COURT FOR MISTRIAL during PROSECUTOR'S CLOSING ARGUMENT IN THE PUNISHMENT PHASE OF THE TRIAL AS WELL AS MOVING FOR A MISTRIAL, EVEN UPON COURT ADVISING COUNSEL TO MOVE FOR MISTRIAL AND NOT POLLING OF JURORS AFTER COURT-ROOM AUDIENCE AND JURY PANEL CONVERSATED AT LENGTH during COURT RECESS, GREATLY HARMED APPLICANT AND PREJUDICED his CAUSE AT TRIAL, FIRST FROM PROSECUTOR'S OWN OPINIONS during PUNISHMENT PHASE ARGUMENT, which INFLAMED THE MINDS OF THE JURY, AND by JURORS COMMUNICATING WITH THE COURTROOM AUDIENCE, AND by THE 13th JUROR SITTING IN ON PUNISHMENT PHASE DELIBERATIONS HARMED APPLICANT, AND THE OUTCOME WOULD HAVE BEEN TOTALLY DIFFERENT, because hostile WITNESS CONVERSATED WITH JURORS which PREJUDICED THE APPLICANT. SEE: NERO U. BLACKBURN, 597 F. 2d 991 C 5th CIR. 1979).

IN HARRIS U. HOUSEWRIGHT, 697 F. 2d 202 (8th CIR 1982) TRIAL COUNSEL'S FAILURE TO OBJECT To HEARSAY EVIDENCE, MOVE FOR MISTRIAL AND FAILURE TO OBJECT TO IMPROPER

14

PREJUDICIAL COMMENTS by THE PROSECUTOR, AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

CONCLUSION

THE LEGAL STANDARD OR REVIEW FOR AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, AS SET FORTH by STRICKLAND V. WASHINGTON, 104 S.CT. 2052, 2064-74, held THAT CLAIMS OF INEFFECTIVENESS OF COUNSEL IN A CRIMINAL CASE ARE EVALUATED UNDER A TWO-PRONG TEST. IN ORDER FOR THE APPLICANT TO SUCCED HE MUST SHOW (1) THAT his COUNSEL'S REPESENTION FELL bELOW AN OBJECTIVE STANDARD OF REASONABLENESS. FROM REVIEWING APPLICANT'S ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL bROUGHT FORTH hERE IN WE FIND THAT: (1) COUNSEL ONLY CAME 2 TIMES TO CONFER WITH THE APPLICANT IN A TWO YEAR PERIOD, ONCE FOR his STATEMENT, AND ONCE TO DELIVER A 60 YEAR PLEA bARGAIN OFFER, WHICH IS NO dEAL AT ALL IN TEXAS.
2) COUNSEL did NOT PREPARE ANY KINd OF A dEFENSE WHAT-SO-EVER.
3) COUNSEL FAILED TO INVESTIGATE LAW AS APPLIEd TO THE FACTS AND CIRCUMSTANCES OF THIS CAUSE.
4) COUNSEL NEVER AdVISEd THE APPLICANT AS TO dEFEND hIMSELF AdEQUATELY.

15

5.) Counsel only called one witness to the stand, and made no attempt to present even so much as a character witness for the applicant's cause.

6.) No social or psychiatrol evaluation was conducted even though the "sudden passion" suffered by the applicant was his only defense.

7.) Counsel did not attempt to enter into reasonable plea bargain negotiations.

8.) Counsel never offered any advice as to what to plead.

9.) Counsel never adhered to the duty and loyalty demaned of a professional attorney as guided by the state bar rules.

10.) Counsel did not adquately cross-examine Ms. Roxanne Star, nor impeach her for inconsistent testimony, changing her testimony from her statement given to police.

11.) Counsel failed to investigate impeachment evidence of state's witness.

12.) Counsel failed to properly advocate applicant's cause, or to develop a "sudden passion" defense or to prepare a voluntary manslaughter charge in a lesser included offense charge to the jury based upon strong evidence of "sudden passion".

16

13.) COUNSEL FAILED TO DEVELOP EVIDENCE RELEVANT TO APPLICANT'S FACTS AND CIRCUM STANCES AND PREPARE A PSYCOLOGICAL STATE OF MIND REPORT AT THE TIME OF THE OFFENSE.

14.) COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S "TESTIFING" TO JURY DURING CLOSING ARGUMENTS, WHERE PROSECUTOR MADE STATEMENT OF FACT THAT WERE NOT IN EVIDENCE, WHICH INFLAMED THE MINDS OF THE JURY, OR ASK THE COURT TO PRESENT ADDED INSTRUCTIONS TO THE JURY CONSIRNING SAME.

15.) COUNSEL FAILED TO OBJECT TO THE INADMISSIBLE EXTRANEOUS OFFENSE TESTIMONY WHICH WAS highLy INFLAMATORY TOWARDS THE JURY.

16.) COUNSEL FAILED TO MOVE FOR A MISTRIAL due TO highLy INFLAMATORY PROSECUTOR'S OPINIONS DURING CLOSING ARGUEMENTS.

17.) COUNSEL did NOT OBJECT, OR MOVE FOR A MISTRIAL, WHEN THE COURT ALLOWED THE TRIAL TO PROCEED without POLLING THE JURY AFTER THE JURORS had LENGTHLY CONVERSATION WITH THE COURTROOM AUDIENCE during TRIAL RECESS.

18.) COUNSEL did NOT OBJECT OR MOVE FOR A MISTRIAL EVEN UPON THE COURT STATED "I don'T KNOW why COUNSEL FAILED TO MOVE FOR A MISTRIAL," CONCERING JUROR'S MISCONDUCT ABOUT AT 17.

17

19.) COUNSEL WAS FULLY AWARE OF JURORS MISCONDUCT AND FAILED TO ADVICE TRIAL COURT, AND COUNSEL WAS ADVISED BY THE COURT AND STILL FAILED TO OBJECT OR MOVE FOR MISTRIAL.

20.) COUNSEL FAILED TO OBJECT WHEN 13th JUROR DELIBERATED WITH JURY.

IN THE CASE HEREIN, BY REVIEWING ERRORS ABOVE COUNSEL'S REPRESENTATION FELL FAR BELOW ANY OBJECTIVE STANDARDS OF REASONABLENESS, AND DUE TO COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULTS OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT, EVEN THE ERRORS LISTED 12 THROUGH 19, WOULD HAVE GAINED A MISTRIAL, AS EVEN THE COURT ADVISED APPLICANT'S COUNSEL TO OBJECT AND MOVE FOR MISTRIAL, WHICH INDICATED THAT THE COURT SAW THE DEPTH OF INACTION ON THE PART OF TRIAL COUNSEL. "JUDICAL SCRUTINY OF COUNSEL'S PERFORMANCE REQUIRES THAT EVERY EFFORT BE MADE TO ELIMINATE THE DISTORTING EFFECTS OF HINDSIGHT, TO RECONSTRUCT THE CIRCUMSTANCE OF COUNSEL'S CHALLENGED CONDUCT, AND TO EVALUATE THE CONDUCT FROM COUNSEL'S PRESPECTIVE AT THE TIME. A COURT MUST INDULGE A STRONG PRESUMPTION THAT COUNSEL'S CONDUCT FALLS WITHIN THE WIDE RANGE OF REASONABLE PROFESSIONAL ASSISTANCE." STRICKLAND 8 L.Ed.2d AT 682.

18

The court also concluded that strategic choice made by counsel after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgements support limitations on investigation.

The simple fact that counsel only visited applicant twice in a two-year jail detention alone highlights the prejudicial harm brought against the applicant being constructively denied counsel's services at all. Never asking the applicant about any possible witnesses to subpoena for his defense and never objecting or moving for a mistrial, it is a plain fact that trial counsel's representation fell below an objective standard of reasonableness and due to counsel's unprofessional errors the results of the trial would have been different.

Counsel sent him down the river without a paddle.

In Vela v. Estelle, 708 F.2d 954 (5th Cir. 1983) the court wisely held that an attorney's performance is judged on the basis of the facts known

19

To him, and the rules of law and procedure, he is held to know, as an attorney representing defendants in criminal proceedings. Unless a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects the trial itself. Counsel herein missed the mark badly.

In Clark v. Blackburn, 619 F. 2d 431 (5th Cir. 1980) it was held that a criminal defendant is guaranteed, through the due process clause, to a trial free from fundamental unfairness, including any unfairness which stems from blatantly incompetent counsel.

And in Nealy v. Cabana, 764 F. 2d 1173 (5th Cir 1985) the Fifth Circuit found that even if Nealy could not show by the proponderance of the evidence that counsel's errors to undermine the outcome of the trial, that counsel's errors were sufficient gravity to undermine the fundamental fairness and warranted a new trial.

Applicant was denied due process due to counsel's mishandling his trial and defense, by not

20

TAKING ADVANAGE OF THE OPPORTUNITIES ARISEN AT TRIAL AND bEFORE TRIAL, CAUSING PREJUDICE AND HARM TO APPLICANT'S CAUSE, THUS VIOLATING APPLICANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND APPLICANT'S due COURSE OF LAW RIGHTS AS PROVIDED BY ARTICLE I, SECTIONS 10 AND 19, AND THE DUE PROCESS CLAUSES AND EQUAL PROTECTION OF THE LAW, AS WELL AS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL CLAUSE OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

APPLICANT HAS HAD HIS RIGHTS VIOLATED AS A MATTER OF LAW AND SEEKS REDRESS.

21

THESE ARE THE ARGUAMENTS OF THE
APPELANT'S REPLY MEMORANDUM   MAR. 5, 2001

COMES NOW, JOSEPH HILL CARTIER, HEREINAFTER
REFERRED TO AS APPELLANT AND FILES THIS HIS REPLY MEM-
ORANDUM IN ORDER TO RESPOND TO CERTAIN PORTIONS OF
THE STATE'S BRIEF FILED WITH THE COURT ON FEBRUARY
22, 2001. IN SUPPORT THEREOF, APPELLANT WOULD
SHOW THE FOLLOWING.

1.) THE THRUST OF APPELLANT'S ARGUAMENT UNDER POINT
OF ERROR NO.1 IS THAT GIVEN THE UNIQUE SET OF FACTS
UNDERLYING APPELLANT'S "SUDDEN PASSION" DEFENSE AT
THE PUNISHMENT PHASE OF THE TRIAL AND, IN LIGHT OF
THE TOTAL ABSENCE OF GUIDANCE AFFORDED THE JURY
WITHIN THE PUNISHMENT CHARGE, THE JURY WAS UNABLE
TO GIVE ANY EFFECT TO THIS EVIDENCE APART FROM ITS
TENDENCY TO AGGRAVATE PUNISHMENT. THUS, THE JURY
CHARGE, AS CONSTRUCTED, PRECLUDED THE JURY FROM
ANY CONSIDERATION AT ALL OF CONSTITUTIONALLY
(AS WELL AS STATUTORY) RELEVANT PUNISHMENT
EVIDENCE. THEREIN LIES THE DENIAL OF DUE PROCESS
COMPLAINED OF IN APPELLANT'S BRIEF FILED EARLIER
WITH THE COURT.

ONE

THE PUNISHMENT CHARGE IN QUESTION DENIED DUE
PROCESS BECAUSE IT PROVIDED NO MEANS WHATSOEVER
BY WHICH THE JURY COULD APPLY APPELLANT'S PUNISHMENT
EVIDENCE.

22

There may be a dearth of "white horse" case by which appellant may point to for guidance. However, it appears that the state has no brook with his broader argument that the sentencer, be it judge or jury, not be precluded from considering any relevant evidence in mitigation of punishment.

Indeed, the legion of supreme court cases cited by the state in support of its argument are consistent with this principle. Where appellant does differ in the interpretation and application of these cases to appellant's unique, narrow argument.

In this regard, it is important to remember that Penry v. Lynaugh, 492 U.S. 302, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989) still stands for the proposition that once the offender has presented punishment evidence which has relevance separate and apart from the existing parameters of a punishment scheme, then statutory or otherwise existing rules must bend in favor of the overriding constitutional requirement that the law must provide the sentencer with the means ("vehicle") to give effect to that evidence. This signifies that the applicability of State v. McPherson, 851 S.W. 2d 846, 850 (Tex. Crim. App. 1992) to the present case.

23

And even though McPherson rested on the Eighth Amendment analysis, it is equally applicable to Appellant's due process argument in this non-capital setting.

Moreover, it is critical to point out fundamental facts which distinguish the instant case from the several Supreme Court cases cited with in the State's brief. For example, in Graham v. Collins, 506 U.S. 461, 113 S.CT. 892, 122 L.Ed.2d 260 (1993), The Court held that Penry issue was not necessary for the jury's consideration of a defendant's special mitigating evidence because the existing punishment special issues provided a sufficient forum through which the jury could express its moral judgment as to propriety of a death or life sentence. The reason that the Court refused to endorse a per se fourth special issue was because the evidence that Graham contended was outside the existing special issues (youth, family background, positive character traits) could be considered by the other special issues which addressed an offender's future dangerousness and deliberate conduct.

Thus, the existence of some guidance afforded the jury in the form of statutory punishment

24

SPECIAL ISSUES, TOGETHER WITH THE NON-EXCLUSIVE NATURE OF THE MITIGATING EVIDENCE, DID NOT PERSUADE THE COURT THAT GRAHAM DESERVED THE FOURTH SPECIAL ISSUE OR ANYTHING ELSE OTHER THAN WHAT WAS CURRENT LAW PROVIDED.

LIKEWISE, IN Buchanan v. Angelone, 522 U.S. 269, 118 S. CT. 757, 139 L. Ed. 2d 702 (1998), THE COURT SEEMED TO REITERATE ITS EARLIER PRONOUNCEMENT FROM GRAHAM by holding THAT THERE IS NO CONSTITUTIONAL REQUIREMENT THAT A JURY BE INSTRUCTED THAT IT MUST INTERPRET OR CONSIDER MITIGATING EVIDENCE IN ANY PARTICULAR MANNER. Although THIS holding does NO HARM TO APPELLANT'S ISSUE AT HAND (SINCE APPELLANT'S REQUESTED INSTRUCTION NEVER ATTEMPTED TO INSTRUCT THE JURY AS TO how IT WAS TO APPLY MITIGATING EVIDENCE but RATHER ATTEMPTED TO INFORM THEM THAT IT COULD IF IT SO DESIRED), IT IS IMPORTANT TO EXAMINE bRIEFLY THE Buchanan CASE FOR PURPOSES OF CONTRAST. IN THIS CASE, THE dEFENDANT WAS CONVICTED OF CAPITAL MURDER FOR THE bRUTAL MURDERS OF his FAMILY. AT THE PUNISHMENT PHASE, THE STATE INTRODUCED EVIDENCE dEPICTING THE CRIME HAVING bEEN COMMITTED IN A PARTICULARLY "VILE" MANNER, Thus TRIGGERING THE SPECIFIC FACTORS which RENDERED dEFENDANT "ELIGIBLE" FOR THE dEATH PENALTY. Id. AT 274.

25

In mitigation of punishment, the defendant presented evidence of his lack of prior criminal activity, extreme emotional or mental disturbance at the time of the commission of the crime, a significantly impaired capacity to appreciate the wrongfulness of his conduct and his youth.

These four factors were all statutorily recognized mitigating factors. Id. at 272. Defendant also requested that the trial court include within the punishment charge several instructions which directly addressed each of the four categories of evidence presented by defendant and further, sought to have the jury instructed that if the jury "found the factor to exist, then that is a fact which mitigates against imposing the death penalty, and you shall consider that fact in deciding whether to impose a sentence of death or life imprisonment." Id at 273. The trial court rejected these requests and submitted a statutorily mandated charge which included language which included the directive "if you believe from all the evidence that the death penalty is not justified, then you shall fix the punishment of the defendant at life imprisonment." Id.

26

IT IS SIGNIFICANT THAT THE COURT INTERPRETED DE-
FENDANT'S ARGUMENT TO THE EFFECT THAT THE CON-
STITUTION REQUIRED THAT THE JURY BE INSTRUCTED ON
ITS OBLIGATION AND AUTHORITY TO CONSIDER MITIGATING
EVIDENCE AND IN PARTICULAR, TO THAT SPECIFIC MITIGATING
EVIDENCE DEEMED RELEVANT BY THE STATE. THE COURT
DECLINED TO EXTEND ANY SUCH RULE NOR ADOPT SAME
BY WAY OF CASE LAW. WHAT IS TELLING IS THAT THE
COURT PLACED GREAT WEIGHT ON THE COURT'S INSTRUCTIONS
WHICH DIRECTED THE JURY TO BASE ITS DECISION ON "ALL
THE EVIDENCE". THIS SOLE REFERENCE WITHIN THE COURT'S
CHARGE WAS SUFFICIENT WITH THE COURTS MAJORITY
TO PASS CONSTITUTIONAL MUSTER. AND THE COURT
WENT TO FAR AS TO POINT OUT, IN RESPONSE TO CRITICISM
FROM THE DISSENT THE FOLLOWING:

EVEN WERE WE TO ENTERTAIN SOME DOUBT AS TO THE
CLARITY OF THE INSTRUCTIONS, THE ENTIRE CONTEXT IN WHICH
THE INSTRUCTIONS WERE GIVEN EXPRESSLY INFORMED THE JURY
THAT IT COULD CONSIDER MITIGATING EVIDENCE. IN [BOYDE
V. CALIFORNIA, 494 U.S. 320, 110 S. CT. 1190, 108 L. Ed. 2d 316 (1990)],
WE CONSIDERED THE VALIDITY OF AN INSTRUCTION LISTING
11 FACTORS THAT THE JURY WAS TO CONSIDER IN DETERMINING
PUNISHMENT, INCLUDING A CATCH-ALL FACTOR ALLOWING
CONSIDERATION OF "[A]NY OTHER CIRCUMSTANCE WHICH

27

EXTENUATES THE GRAVITY OF THE CRIME." [CITATIONS OMITTED]. WE EXPRESSLY NOTED THAT EVEN WERE THE INSTRUCTION UNCLEAR, "THE CONTEXT OF THE PROCEEDINGS WOULD HAVE LED REASONABLE JURORS TO BELIEVE THAT EVIDENCE OF PETITIONER'S BACKGROUND AND CHARACTER COULD BE CONSIDERED IN MITIGATION." [CITATION OMITTED]

WE FOUND IT UNLIKELY THAT REASONABLE JURORS WOULD BELIEVE THAT THE COURT'S INSTRUCTIONS TRANSFORMED FOUR DAYS OF DEFENSE TESTIMONY ON THE DEFENDANT'S BACKGROUND AND CHARACTER "INTO A VIRTUAL CHARADE." [QUOTING CALIFORNIA V. BROWN, 479 U.S. 538, 542 (1987). BUCHANAN, 522 U.S. AT 278.

THUS, THE DEFENDANT'S REQUEST FOR ADDITIONAL INSTRUCTIONS WAS DENIED BECAUSE THE COURT FOUND THE EXISTING VIRGINIA SENTENCING SCHEME PROVIDED AN ADEQUATE BASIS FOR CONSIDERATION OF MITIGATING EVIDENCE GIVEN AN ACTUAL PHRASE INCLUDED WITHIN THE INSTRUCTIONS DIRECTING THE JURY TO CONSIDER "ALL THE EVIDENCE." SECONDLY, A BROAD READING OF THE INSTRUCTIONS IN PROPER CONTEXT PROVIDED THE JURY WITH THE NECESSARY GUIDANCE SO AS NOT TO TURN THE PUNISHMENT PROCEEDINGS INTO A "CHARADE." THESE TWO EXPLICIT FINDINGS CLEARLY DISINGUISH THE INSTANT CASE FROM THE MOST RECENT

28

SUPREME COURT PRONOUNCEMENTS.

The PUNISHMENT CHARGE WAS INADEQUATE ON ITS FACE.

The INSTANT CHARGE ON PUNISHMENT COMPLETELY FAILED TO PROVIDE ANY GUIDANCE TO THE JURY ON ITS CONSIDERATION OF MITIGATING EVIDENCE, IN STARK CONTRAST TO THOSE SUPREME COURT CASES CITED AND RELIED UPON by THE STATE. EXAMINATION OF THE CHARGE PARAGRAGH by PARAGRAPH ESTABLISHES THIS.

PARAGRAPH 1 AND 2 DEFINED THE PUNISHMENT RANGES FOR THE OFFENSES OF MURDER AND MANSLAUGHTER. FURTHER, PARAGRAPH 2 SET FOR THE ELIGIBILITY REQUIREMENT NECESSARY FOR THE JURY TO FIND APPELLANT GUILTY OF MANSLAUGHTER (DEATH CAUSED by APPELLANT UNDER THE IMMEDIATE INFLUENCE OF SUDDEN PASSION ARISING FROM AN ADEQUATE CAUSE).

PARAGRAPHS 3 AND 4 DEFINED THE TERMS "ADEQUATE CAUSE" AND "SUDDEN PASSION."

PARAGRAPH 5 PROVIDED THE DEFINITION OF THE BURDEN OF PROOF NECESSARY FOR A FINDING OF SUDDEN PASSION AND APPORTIONED THAT BURDEN TO APPELLANT.

PARAGRAPHS 6 AND 7 DIRECTED THE JURY AS TO THE PROPER FINDING OF EITHER MURDER OR MANSLAUGHTER, DEPENDING ON ITS ANSWER TO THE SPECIAL ISSUE ON SUDDEN PASSION.

29

PARAGRAPH 8 ADMONISHED THE JURY FROM UTILIZING A "QUOTIENT VERDICT." PARAGRAPHS 9 THROUGH 11 SET OUT THE EXISTENCE OF PAROLE LAW AND PERMITTED THE JURY TO CONSIDER PAROLE LAW EVEN THOUGH THEY WERE NOT TO UTILIZE ITS EXISTENCE OR APPLICATION WHEN ASESSING PUNISHMENT. PARAGRAPH 12 INSTRUCTED THE JURY THAT IT COULD NOT CONSIDER EXTRANEOUS OFFENSES ALLEGEDLY COMMITTED BY APPELLANT UNLESS THEY WERE SO PERSUADED BEYOND A REASONABLE DOUBT THAT APPELLANT HAD INDEED COMMITTED SUCH ACTS.

FURTHER, PARAGRAPH 12 INSTRUCTED THE JURY THAT IF IT IN FACT BELIEVED THAT APPELLANT HAD COMMITTED OFFENSES OTHER THAN THE OFFENSE ALLEGED IN THE INDICTMENT, IT COULD CONSIDER THAT EVIDENCE AS IT BORE UPON THE ISSUE OF PUNISHMENT.

FINALLY, PARAGRAPH NUMBERS 13 THROUGH 18 ADDRESSED OTHER STANDARD "HOUSEKEEPING" SUBJECTS SUCH AS THE JURY BEING THE SOLE JUDGES OF A WITNES'S CREDIBILITY, A DEFENDANT'S RIGHT TO SILENCE AND THE NEED NOT TO CONSIDER ANY MATTER NOT IN EVIDENCE BEFORE THEM.
(SEE: C.R. 1: 49-54)

IN CONTRAST TO A CHARGE WHICH, AT THE VERY LEAST, CONTAINS SOME SEMBLANCE OF AN INSTRUCTION

30

directing the jury to the considerion of mitigating evidence, This particular charge contains none whatsoever and ironically, provides that the jury may consider only that evidence which aggravates any punishment assessed by the jury.

This alone distinguishes this case from all others. And neither can it be said that a fair reading of the charge in context could possibly have directed the jurors to any adequate consideration of appellants unique mitigating evidence.

APPELLANT'S REQUESTED INSTRUCTION WAS PROPER IN FORM.

Contrary to the state's suggestions, appellants requested instruction did not attempt to structure in any particular way the manner in which the jury might have considered mitigating evidence.

In fact, the requested instruction went to great lengths to avoid this criticism when it couched in terms of informing the jury that it "may" find the existence of mitigating evidence and that they were permitted consideration, "if any", of this mitigating evidence when assessing punishment, regardless of their

31

COLLECTIVE DECISION ON THE ISSUE OF "SUDDEN PASSION."
(SEE: C.R.I.: 39) BY THE CAREFUL, PERMISSIVE LANGUAGE
EMPLOYED WITHIN THE REQUESTED INSTRUCTION, APPELLANT
AVOIDED THOSE SHORTCOMINGS HIGHLIGHTED BY THE COURT
IN BUCHANAN V. ANGELONE, AS WELL AS BY THE COURT
OF CRIMINAL APPEALS IN LADD V. STATE, 3 S.W, 3d
542, 574 (TEX. CRIM. APP. 1999) [COURT REJECTED
ATTEMPT TO INSTRUCT THE JURY AS TO SPECIFIC
INSTANCES OF MITIGATING EVIDENCE OUTSIDE THE
STATUTORY DEFINITION OF PROVIDED UNDER ARTICLE
37. 071, SEC. 2 (F)(4)].

     THIS WAS NOT A CASE WHERE THERE EXISTED
"ONLY THE POSSIBILITY OF AN INHIBITION" WHERE
THE JURY WAS PROHIBITED FROM CONSIDERATION OF
MITIGATING EVIDENCE. RATHER, THIS WAS A CASE WHERE
THE UNIQUE RECORD, COUPLED WITH THE JURY'S
RESPONSIBILITY FOR ANSWERING A PARTICULARIZED
SPECIAL ISSUE, CONSTITUTIONALLY COMPELLED AN
ADEQUATE INSTRUCTION SO THAT THE JURY COULD
LIKEWISE CONSIDER AND APPLY MITIGATING EVIDENCE
IN CONCERT WITH THAT LANGUAGE WHICH PERMITTED
THE SAME JURY TO CONSIDER AND GIVE EFFECT TO
AGGRAVATING EVIDENCE TENDERED BY THE STATE.
     THEREFORE, THE FACT-SPECIFIC RECORD IN

32

This CASE EFFECTIVELY distinguishes it FROM holdings highlighted in JACKSON V. STATE, 822 S. W. 2d 18 (TEX. CRIM. APP. 1991); SAN Miguel V. STATE, 864 S. W. 2d 493 (TEX. CRIM. APP. 1993) AND Rhodes V. STATE, 934 S. W. 2d 113 (TEX. CRIM. APP. 1996).

## II

COUNSEL'S FINAL ARGUMENT WAS NO SUBSTITUTE FOR A PROPER MITIGATING INSTRUCTION.

AT PAGES 19-20 OF THE ITS BRIEF, THE STATE suggests THAT EVEN IN THE ABSENCE OF A REQUIRED MITIGATING INSTRUCTION, defense COUNSEL'S FINAL ARGUMENT SOMEHOW NEGATED ANY POSSIBILITY THAT THE JURY MAY HAVE BEEN MISLED by THE INFIRMITY OF THE COURTS INSTRUCTIONS. Though STATEMENTS by COUNSEL IN FINAL ARGUMENT IN THE HEAT OF BATTLE MAY HELP A JURY UNDERSTAND THE COURTS INSTRUCTIONS AND ATTEMPT TO drive home THE POINTS THAT THE DEFENSE WISH TO MAKE, THEY CANNOT MAKE UP FOR SO SERIOUS MISINSTRUCTION WITH such SIGNIFICANT CON-SEQUENCES AS ARE PRESENT HERE. THE JURY WILL LOOK TO THE JUDGE NOT TO COUNSEL, FOR AUTHORITATIVE direction ABOUT WHAT IT IS TO do WITH THE EVIDENCE THAT IT HEARS. TAYLOR V. KENTUCKY, 436 U.S. 478, 488-489 (1978) SEE ALSO CARTER V. KENTUCKY, 450 U.S. 288, 302, N. 20 (1981).

33

FOR THIS AND OTHER REASONS, THE TOTAL ABSENCE OF ANY "AUTHORITATIVE DIRECTION" WITHIN THE INSTRUCTIONS CREATED A "REASONABLE LIKELIHOOD" THAT THE JURY APPLIED THE CHALLENGED JURY CHARGE IN A WAY WHICH PREVENTED THE CONSIDERATION FROM STATUTORILY AS WELL AS CONSTITUTIONALLY RELEVANT EVIDENCE. BOYDE, SUPRA AT 380.

## III
## CONCLUSION

NO ONE SERIOUSLY ARGUES THAT THE EVIDENCE TENDERED BY APPELLANT IN SUPPORT OF HIS PLEA OF "SUDDEN PASSION" DID NOT HAVE RELEVANCE BEYOND THE SCOPE OF THE MANSLAUGHTER FINDING. AS SUCH, THE EVIDENCE CLEARLY QUALIFIED AS THAT HAVING TO DO WITH THE "CIRCUMSTANCES OF THE OFFENSE FOR" FOR WHICH APPELLANT WAS BEING TRIED. FURTHER, THE IDEA OF FASHIONING AN INSTRUCTION OR SPECIAL ISSUE IN ORDER TO ASSIST THE JURY IN RESPONDING TO CERTAIN EVIDENTIARY MATTERS IS NOTHING NEW TO CRIMINAL JURISPRUDENCE IN OUR SCHEME. JURIES ARE CONSTANTLY BEING CALLED UPON TO RESPOND BY WAY OF "SPECIFIC VERDICTS" TO A MYRIAD OF MATTERS SUCH AS LENGTH OF CONFINEMENT, AMOUNT OF FINE, ENHANCEMENT CONVICTIONS, USE OF A DEADLY WEAPON OR RECOMMENDATION OF PROBATION.

34

The instruction requested by appellant under these unique set of facts represents just one more variation of how a jury may respond to evidence presented at the punishment phase in its collective assessment of punishment.

Contrary to the state's dire warning that any validation of appellant's requested instruction would result in the veritable flood of similar requests and practically mandate a special mitigation instruction in every case, such approval will merely ensure that the jury give effect to all relevant evidence when determining punishment, particularly when responding to the special issue concerning the existence of "Sudden Passion." If the jury is entitled to consider the existence of other offenses not charged in the indictment in assessment of punishment, then surely it is likewise entitled to consider other relevant evidence (acts of kindness, mental and emotional stress at the time of the offense, etc.) in the same proceeding. Consideration of relevant evidence is not a one-way street as seems to be suggested by the state. This is confirmed by recognition though statute that the trial court

35

MAINTAINS THE POWER AND AUTHORITY TO RESPOND TO INDIVIDUALIZED CASES WHICH GIVE RISE TO THE NEED FOR "ADDITIONAL WRITTEN INSTRUCTIONS AS MAY BE NECESSARY." SEE: ART. 37.07, SEC. 3 (b), C. C. P.

ONCE THE TRIAL JUDGE IN THIS CASE ADMITTED EVIDENCE WHICH, WITHOUT QUESTION, WAS RELEVANT TO THE "SUDDEN PASSION" ISSUE AND BEYOND, A "VEHICLE", WHETHER IT BE IN THE FORM OF A SPECIAL ISSUE OR SPECIAL INSTRUCTION (AS IN THE CASE HERE) WAS CON-STITUTIONALLY REQUIRED TO PERMIT THE JURY TO CONSIDER AND GIVE EFFECT TO IF IT SO CHOSE.

BARNES V. STATE, 876 S.W. 2d 316, 329 (TEX. CRIM. APP.), CERT. DENIED, 115 S. CT. 124, 130 L. Ed. 2d 110 (1994); STATE V. MC PHERSON, 851 S.W. 2d AT 850; KREYSSIG V. STATE, 935 S.W. 2d 886, 891 (TEX. APP. - TEXARKANA 1996, PET. REF'd.).

36

ARGUAMENTS
OF
PETITION FOR DISCRETIONARY REVIEW        JULY 11, 2001

GROUND OF REVIEW NUMBER TWO

WAS PETITIONER DENIED DUE PROCESS OF LAW UNDER THE
FEDERAL CONSTITUTION WHEN THE TRIAL COURT REFUSED TO
INCLUDE HIS MITIGATION INSTRUCTION WITHIN THE
PUNISHMENT CHARGE?

GROUND OF REVIEW NUMBER THREE

IS A DEFENDANT DENIED DUE PROCESS OF THE LAW
UNDER THE FEDERAL CONSTITUTION WHEN HIS REQUEST
FOR A MITIGATING INSTRUCTION APPLICABLE TO A
SPECIAL ISSUE, ON WHICH HE CARRIES A BURDEN OF
PROOF, IS DISALLOWED WHILE CURRENT LAW PERMITS
THE JURY TO CONSIDER OTHER EVIDENCE FOR PURPOSES
OF AGGRAVATING PUNISHMENT?

REASONS FOR REVIEW

THE THRUST OF PETITIONER'S ARGUMENT AT TRIAL AND
ON DIRECT APPEAL TO THE SEVENTH COURT OF APPEALS IS THAT
THE COURT'S PUNISHMENT CHARGE did NOT PROVIDE THE
JURY WITH THE MEANS TO give EFFECT TO THE UNIQUE
SET OF MITIGATING FACTS UNDERLYING HIS "SUDDEN
PASSION" DEFENSE. IT IS SIGNIFICANT THAT HE CARRIED THE
BURDEN OF PROOF ON THIS ISSUE. MOREOVER, IT IS
SIGNIFICANT THAT THE STATE, AS AUTHORIZED BY EXPRESS
LANGUAGE AT LAW AND WITHIN THE SUSPECT CHARGE, WAS
PERMITTED TO ARGUE THAT PETITIONER'S PUNISHMENT

37

BE INCREASED BECAUSE OF THE EXISTENCE OF OTHER OFFENSES OR "BAD ACTS".

THIS "SUDDEN PASSION" SPECIAL ISSUE, REPRESENTING A RELATIVELY NEW WRINKLE IN THIS STATE'S PUNISHMENT LAW, DID NOT ALTER A CITIZEN'S ENTITLEMENT TO "ADDITIONAL WRITTEN INSTRUCTIONS AS MAY BE NECESSARY" IN ORDER TO INSURE THE DELIVERY OF DUE PROCESS IN THE PROPER CASE. THIS IS A CASE OF FIRST IMPRESSION INVOLVING ANALYSIS UNDER A RELATIVELY NEW STATUTE, PARTICULARLY SINCE PETITIONER CONTENDS THAT THE RIGHT TO INDIVIDUALIZED SENTENCING IS NOT STRICTLY LIMITED TO CAPITAL CASES. THUS, THE SEVENTH COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF BOTH STATE AND FEDERAL LAW THAT HAS NOT BEEN, BUT SHOULD BE, SETTLED BY THIS COURT. TEXAS RULES OF APPELLATE PROCEDURE, RULE 66.3 (B).

## DISCUSSION

THE REQUESTED SPECIAL ISSUE REFUSED BY THE TRIAL COURT FOR INCLUSION IN THE PUNISHMENT CHARGE SIMPLY REMINDED THE JURY THAT EVIDENCE UNDERLYING THE CLAIM OF "SUDDEN PASSION," EVEN IF FOUND TO BE INSUFFICIENT TO PERSUADE THE JURY OF ITS EXISTENCE, NEVERTHELESS COULD CONSTITUTE SOME EVIDENCE OF MITIGATION WHICH THE JURY WAS FREE TO REJECT OR APPLY AS EACH JUROR SAW FIT.

38

THIS REQUEST WOULD NEVER ARISE IF IT WERE NOT FOR THE SPECIAL BURDEN OF PROOF WHICH FALLS ON THE SHOULDERS OF EACH CRIMINAL DEFENDANT WHO ELECTS TO RAISE THIS DEFENSE AT THE PUNISHMENT PHASE OF THE TRIAL. THEREBY HOPING TO BENEFIT FROM ITS OBVIOUS MITIGATING EFFECT OF DRASTICALLY LOWERING THE PUNISHMENT RANGE FROM THAT OF A FIRST DEGREE FELONY TO SECOND DEGREE. THEREFORE, THE NEED TO CHANNEL THE JURY'S CONSIDERATION OF ANY MITIGATING EVIDENCE AND FURTHER, PROVIDING IT WITH A "VEHICLE" WITH WHICH TO APPLY THIS POTENTIAL MITIGATING EVIDENCE, IS NO LESS APPROPRIATE JUST BECAUSE THE CASE MAY BE NON-CAPITAL.

ARTICLE 37.02, SEC. 3(A) PROVIDES THAT EITHER SIDE MAY OFFER EVIDENCE WHICH THE COURT DEEMS RELEVANT TO SENTENCING, INCLUDING BUT NOT LIMITED TO, AMONG OTHER THINGS, MATTERS DEALING WITH A DEFENDANT'S CHARACTER OR WITH THE CIRCUMSTANCES OF THE OFFENSE FOR WHICH HE IS BEING TRIED. SINCE THE STATUTE EXPRESSLY USES THE TERM "MITIGATING" WITHIN THE BODY OF THE STATUTE, ITS COMMON MEANING IS TRACED TO THAT UNDERSTOOD AND ACCEPTED UNDER ART. 37.071. THUS, THE CONCEPT OF MITIGATION IS EQUALLY APPLICABLE TO THOSE NON-CAPITAL CASES AS WELL AS CAPITAL PROSECUTIONS. THE RUB TO THE MATTER IS HOW BEST TO PROVIDE THE MEANS

39

BY WHICH THE SENTENCER CAN APPLY THIS RELEVANT, MITIGATING EVIDENCE TO A PARTICULAR DEFENDANT UNDER A PARTICULAR SET OF FACTS. THIS EXPLAINS WHY ART. 37.07, SEC. 3(B) PROVIDES THAT THE TRIAL COURT, WHEN SUCH EVIDENCE HAS BEEN CONCLUDED, "SHALL GIVE SUCH ADDITIONAL INSTRUCTIONS AS MAY BE NECESSARY."

WITH THE CHANGES TO SECTION 19.02 PENAL CODE IN WHICH "SUDDEN PASSION" BECAME AN ISSUE AT THE PUNISHMENT PHASE OF A CRIMINAL TRIAL, THERE CAME ABOUT A PARALLEL SHIFT IN TERMS OF HOW THIS CONCEPT WOULD BE PRESENTED TO THE JURY. IT WAS IMMEDIATELY APPARENT THAT "SUDDEN PASSION" WOULD NOW BE TREATED AS A MITIGATING FACTOR SOLELY RELEVANT TO PUNISHMENT AND THAT THE BURDEN OF PROVING THE EXISTENCE OF "SUDDEN PASSION" BY A PREPONDERANCE OF THE EVIDENCE SHIFTED TO THE ACCUSED.

SEE SECTION 19.02 (d) SUPRA; RAINEY V. STATE, 949 S.W. 2d 537, 541 (TEX. CT. APP. - AUSTIN 1997, PET. REF'd.) THERE FOLLOWED SEVERAL CASES IN WHICH CONSTITUTIONAL ATTACKS WERE MADE ON THE NEW STATUTE. SEE, E.G. VASQUEZ V. STATE, 2 S.W. 3d 355 (TEX. CT. APP. - SAN ANTONIO [14th DIST.] 1999, PET. REF'd.); GREEN V. STATE, 971 S.W. 2d 639 (TEX. CT. APP. - HOUSTON [14th DIST.] 1998, PET. REF'd.); FLEMING V. STATE, 956 S.W. 2d 620 (TEX. CT. APP. - EASTLAND 1997, PET. REF'd.). NON WERE SUCCESSFUL.

40

YET, NO COURT HAS YET TO EXAMINE THE INTERPLAY BETWEEN THE "SUDDEN PASSION" AND ITS MITIGATION VALUE SEPARATE AND APART FROM THE NARROW "SUDDEN PASSION" ISSUE. THIS CASE PRESENTS THAT OPPORTUNITY.

ON PAGE 7 OF THE COURT OF APPEALS' OPINION, THE COURT STATED THAT THERE WAS NOTHING IN THE RECORD TO INDICATE THAT THE JURY WAS MISLED OR DID NOT FOLLOW THE COURT'S INSTRUCTIONS PROVIDED. HOWEVER, SUCH A CONCLUSION IGNORES THE FACT THAT THE INSTRUCTIONS INCLUDED WITHIN THE COURT'S CHARGE FAILED TO INFORM THE JURY THAT IT COULD OR SHOULD CONSIDER ALL OF THE EVIDENCE BEFORE THEM BEFORE ASSESSING PUNISHMENT. CONVERSELY, THE JURY WAS INSTRUCTED THAT IT COULD CONSIDER THE EXISTENCE OF EXTRANEOUS OFFENSES OR OTHER ACTS OF MISCONDUCT FOR AGGRAVATING PURPOSES. THIS INHERENT CONTRADICTION, CLEARLY FAVORING THE ADMISSION AND CONSIDERATION OF EVIDENCE WHICH TENDS TO MILITATE IN FAVOR OF INCREASING THE SEVERITY OF THE SENTENCE, VIOLATES THE RULE FAVORING ADMISSION OF ALL RELEVANT MITIGATING EVIDENCE AND LIKEWISE, GUARANTEEING THE MEANS BY WHICH THE JURY MAY GIVE EFFECT TO MITIGATING EVIDENCE RELEVANT TO A DEFENDANT'S BACKGROUND, CHARACTER AND CIRCUMSTANCES OF THE OFFENSE.

41

BARNES v. STATE, 876 S.W.2d 316, 329 (TEX.CRIM.APP. 1994), CERT. denied, 115 S.CT. 174 130 L.Ed. 2d 110 (1994); STATE v. MCPHERSON, 851 S.W.2d 846, 847-850 (TEX. CRIM. APP. 1992). GRANTING THIS PETITION WILL SERVE TO CLARIFY THIS PATENT INEQUITY AT LAW.

42

GROUND OF REVIEW NUMBER FOUR

WAS PETITIONER CONVICTED AND SENTENCED UNDER A FUNDAMENTALLY DEFECTIVE PUNISHMENT CHARGE WHICH ALLOWED THE JURY TO RETURN A NON-UNANIMOUS VERDICT?

GROUND OF REVIEW NUMBER FIVE

WAS THE STANDARD INSTRUCTION INCLUDED WITHIN PARAGRAPH 15,16 OF THE PUNISHMENT CHARGE SUFFICIENT TO DISTINGUISH BETWEEN THE "SUDDEN PASSION" SPECIAL ISSUE AND THE GENERAL VERDICT OF CON-FINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION?

REASONS FOR REVIEW

AFTER THE JURY RETURNED WITH ITS PUNISHMENT VERDICT, A REQUEST WAS MADE BY PETITIONER THAT THE JURY BE POLLED. THE RECORD CLEARLY SHOWS THAT ONLY ELEVEN JURORS RESPONDED IN THE AFFIRMATIVE WHEN ASKED IF THE VERDICT SIGNED BY THE FOREPERSON WAS THEIR INDIVIDUAL VERDICT. (R.R.4:67-68) FURTHER, IT IS UNCONTROVERTED THAT THE PUNISHMENT CHARGE DID NOT SEPARATELY ADDRESS THE NEED FOR UNANIMOUS VERDICTS ON THE "SUDDEN PASSION" ISSUE AS WELL AS THE GENERAL PUNISHMENT VERDICT.

43

TEXAS CONSTITUTION ARTICLE V, § 13 REQUIRES THAT JURY DECISIONS ADVERSE TO A DEFENDANT BE UNANIMOUS. SEE; MOLANDES V. STATE, 571 S.W. 2d 3, 4 (TEX. CRIM. APP 1978).

APPELLANT ALSO ARGUED THAT THE TRIAL COURT'S ERROR CAUSES HIM EGREGIOUS HARM, "DEMONSTRATED BY THE FACT THAT THE JURY ASSESSED A LIFE SENTENCE WHERE THE STATUTORY MAXIMUM FOR A SECOND-DEGREE FEOLNY IS 20 YEARS". THE COURT OF APPEALS HELD THAT THE STOCK LANGUAGE UNDER PARAGRAPH 15, 16 OF THE PUNISHMENT CHARGE WHEREBY THE JURY WAS INSTRUCTED THAT THE FOREPERSON WAS TO SIGN THE CHARGE "WHEN YOU HAVE UNANIMOUSLY AGREED UPON A VERDICT" WAS SUFFICIENT TO MEAN THAT THE JURY HAD AGREED UNANIMOUSLY ON EACH "ISSUE" SUBMITTED UNDER THE CHARGE AND "DID NOT ALLOW THE JURY TO RETURN A NON-UNANIMOUS DECISION ADVERSE TO [PETITIONER] ON THE ISSUE OF "SUDDEN PASSION" OR OTHERWISE." SLIP OPINION AT PAGE 8. THE COURT HELD THAT THE CHARGE WAS NOT FUNDAMENTALLY ERRONEOUS. THE COURT DID NOTE THAT IT DID NOT HAVE THE SANCHEZ CHARGE WITH WHICH IT COULD COMPARE TO THE INSTANT CHARGE UNDER SCRUTINY HERE. SEE SANCHEZ V. STATE 1. 23 S.W. 3d 30 (TEX. CRIM. APP. 2000). ALSO SEE LUNA V. STATE, 70 S.W. 3d 354 (TEX. CT. APP.-CORPUS CHRISTI 2002), JAZZABI V. ALL STATE INS CO. 278 F3d 929 (9th CIR. 2002), APODACA V. OREGAN, 406 US. 404, 92 S. CT. 1628 (1972) 1635, 1637, 32 L. Ed. 2d 184.

44

This case merits extended analysis since the incomplete poll taken in the instant case is the functional equivalent of the Sanchez juror poll which indicated a non-unanimous vote on the "Sudden Passion" issue. Due to this glaring omission which affects the integrity of the presumed unanimity verdict and the questionable logic underlying the court of appeals' conclusion that the general instruction under paragraph 15,16 prevented any non-unanimous verdict on each issue submitted, the Amarillo court appears to have misconstrued the rule in Sanchez which requires unanimity on the jury's preliminary vote on "Sudden Passion". Rule 66.3 (d) Texas Rules of Appellate Procedure.

## DISCUSSION

Recently, this court held in the _Sanchez_ case that logic compelled the conclusion that Article 37.07. sec. 3 (c) also 36.29 (a) requires unanimity with respect to the initial vote of the jury on the "Sudden Passion" issue. _Id_ at 34. This court reasoned that the stated purpose behind unanimity of the jury verdicts - increased reliability of jury verdicts - would in fact, suffer if the

45

RULE WERE NOT APPLIED TO THE "SUDDEN PASSION" SPECIAL ISSUE. IN SUCH A SITUATION WHERE UNANIMITY WERE NOT REQUIRED OR WHERE FAULTY INSTRUCTIONS DID NOT INSURE UNANIMITY, THE RANGE OF PUNISHMENT COULD BE SET BY LESS THAN ALL OF THE JURORS. INDEED, SANCHEZ MAKES CLEAR BY ILLUSTRATION THAT THE PUNISHMENT IN SUCH A CASE AS THE ONE HERE COULD BE SET BY JUST ONE JUROR.

THE INSTANT PUNISHMENT CHARGE DID NOT INCLUDE AN APPROPRIATE ADMONITION OR INSTRUCTION WHICH MADE CLEAR THAT THE JURY'S PRELIMINARY VOTE ON THE "SUDDEN PASSION" ISSUE HAD TO BE UNANIMOUS BEFORE IT COULD THEN PROCEED TO CONSIDER THE PROPER PUNISHMENT RANGE AND RESULTING PUNISHMENT VERDICT. THIS FUNDAMENTAL ERROR WAS NOT CURED BY THE ADMONITION INCLUDED UNDER PARAGRAPH 15,16 OF THE CHARGE SINCE THERE WA NO SPECIFIC LANGUAGE WHICH DIRECTED THE JURY TOWARD UNANIMITY ON THE "SUDDEN PASSION" ISSUE ONE WAY OR ANOTHER. THIS FUNDAMENTAL ERROR WAS LIKEWISE NOT RENDERED HARMLESS BY THE TRIAL COURT'S POLLING OF THE JURY SINCE IT SIMPLY INQUIRED AS TO THE SUPPOSED UNANIMITY OF ITS PUNISHMENT VERDICT. THE TRIAL COURT MADE NO EFFORT TO DISTINGUISH THE JURY'S WORK ON EITHER

46

THE SPECIAL ISSUE ON "SUDDEN PASSION" OR THE VERDICT ON YEARS OF CONFINEMENT. BECAUSE ONE IS LEFT ONLY TO GUESS AND PRESUME THAT THE LANGUAGE UNDER PARAGRAPH 15, 16 WAS APPLIED EQUALLY BY THE JURY TO BOTH VERDICTS, THAT REQUISITE DEGREE OF RELIABILITY, HELD TO BE THE STATED GOAL UNDERLYING THE NEED TO DEMAND AND REQUIRE UNANIMITY OF THE JURY'S VERDICTS, IS NOT SATISFIED HERE UNDER THIS UNIQUE SET OF FACTS.

THEREFORE, THIS CASE PRESENTS AN EXCELLENT OPPORTUNITY TO FOLLOW UP ON THE CONCURRING OPINION IN SANCHEZ CONCERNING THE DESIRABILITY OF REQUIRING UNANIMOUS VERDICTS ADVERSE TO A DEFENDANT'S AS WELL AS REQUIRING UNANIMOUS VERDICTS IN FAVOR OF A DEFENDANT'S "SUDDEN PASSION" ISSUE. Id AT 35-42. THIS CASE ALSO PROVIDES THE PROPER VEHICLE FOR THIS COURT TO ESTABLISH SUGGESTED LANGUAGE WHICH WOULD OPERATE TO ENSURE UNANIMITY IN THESE TYPES OF CASES.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAYS THAT THIS COURT GRANT THE PETITION, ORDER FURTHER BRIEFING ON THE GROUNDS ALLEGED ABOVE, ENTERTAIN ORAL ARGUMENT AND REVERSE AND REMAND FOR NEW PUNISHMENT HEARING.

47

UNSWORN DECLARATION

I JOSEPH HILL CARTIER, PETITIONER, PRO SE, IN THE FOREGOING 28 U.S.C. § 2254, FEDERAL HABEAS CORPUS APPLICATION, hereby SWEARS UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT IN ALL Things, TO THE best OF MY KNOWLEDGE.

EXECUTED ON This March day OF 26 , 2003.

JOSEPH HILL CARTIER
#919319
ALLRED UNIT
2101 F.M. 369 NORTH
IOWA PARK, TEXAS 76367-6568

48

THE APPOINTED COUNSLER WARREN L. CLARK during THE 2 YEAR PERIOD THAT, JOSEPH HILL CARTER WAS IN THE COUNTY JAIL HE ONLY CAME TWO TIMES TO SEE THE APPLICANT. THE FIRST TIME WAS TO TAKE THE APPLICANTS STATEMENT, AND THE SECOND TIME WAS FOR A PLEA BARGAIN OF 60 YEARS WHICH IS THE SAME AS LIFE OR 99 YEARS.

MR CLARK DID NOT EVEN ATTEMPT TO GET A PHYSIOHOGICAL EVALUATION OF THE APPLICANT TO SHOW THAT HE WAS VERY DISTURB, AND VERY MUCH IN LOVE WITH HIS WIFE AT THE TIME OF THE OFFENSE, TO THE POINT OF TEMPORARY INSANITY. HE DID NOT EVEN TRY OR ATTEMPT TO FIND OR TALK TO CHARACTER WITNESS FOR THE APPLICANT, OR EVEN CALL THE ONES THAT WERE IN THE COURTROOM AT THE TRIAL. DURING THE TRIAL HE LET ERRONEOUS ERRORS GO by WITHOUT OBJECTING OR ASKING FOR A MISTRIAL, KNOWING THAT THE WITNESS FOR THE STATE WERE COAX TO GIVE A MORE HARMFUL TESTIMONY TO INFLAME THE JURY. THEN AT THE CLOSING ARGUMENTS HE DID NOT OBJECT OR ASK FOR A MISTRIAL, WHEN THE PROSECUTOR MADE HIS OWN STATEMENT TO THE JURY WHICH WAS HARMFULL TO THE APPLICANT. BY NOT PREFORMING HIS duTy TO THE APPLICANT, LETING HIS STANDARDS TO FALL BELOW THAT OF A PROFESSIONAL COUNSLER BY RULES OF LAW. THE THRUST OF APPLICANTS ARGUMENT IS

49

That given The unique set of facts underlying Applicant's "sudden passion" defense at The punishment phase of The Trial, and in light of The Total Absence of guidance Afforded The Jury within The Punishment charge, The Jury was unable to give Any effect to This evidence Apart from its Tendency to Aggravate Punishment. Thus, The Jury charge, As constructed, precluded The Jury from Any consideration At all of constitutionally (As well As statutory) Relevant Punishment evidence. Therein Lies The denial of due Process complained of in Applicant's brief Filed earlier. Applicant urged The Trial court to include an instruction, Tendered To The court, which would essentially inform The Jury That it was entitled To consider And Apply Any evidence which it deemed To be mitigating in its eventual Assessment of Punishment, Regardless of The weight, if Any, That evidence may have carried in Relation To Applicant's burden To establish "sudden passion". Moreover, Applicant urged The Trial court to instruct The Jury That The mitigating nature if Any, of The evidence wa not diminished nor its use Prohibited by The fact That The Jury may find Against Applicant on The issue of "sudden passion".

50

The Trial Court denied Applicant's written request for inclusion of the instruction. By its failure to provide for a separate instruction, akin to that tendered by applicant to the trial court, does Sec. 1902 Penal Code deny applicant due process?

Article 37.07 Sec. 3(c) requires unanimity with respect to the jury's preliminary vote on the issue of "Sudden Passion" as well as assessment of a term of punishment. The charge in the subject appeal did not contain a separate instruction which required this unanimity. The Trial Court commit Fundamental Error in failing to include this unanimity instruction within the punishment charge provided to the jury.

51

UNSWORN DECLARATION.

I, JOSEPH HILL CARTIER, PETITIONER, PRO SE, IN THE FOREGOING AFFIDAVIT IN SUPPORT OF 28 U.S.C. § 2254, FEDERAL HABEAS CORPUS, APPLICATION, HEREBY SWEARS UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT IN ALL THINGS, TO THE BEST OF MY KNOWLEDGE.

EXECUTED ON THIS March ___ DAY OF 26, 2003.

Joseph Hill Cartier

JOSEPH HILL CARTIER
#919319
ALLRED UNIT
2101 F.M. 369 NORTH
IOWA PARK, TEXAS
76367-6568

52